UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **8:24-cv-00061-MCS-JDE** | Date | March 13, 2024 |
| Title | ***Phan v. Nayax, Ltd.*** | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT (ECF NO. 15)**

Plaintiffs Kenny Phan and George Samaha move for an order allowing Defendants Nayax, Ltd., and Nayax, LLC, up to June 6, 2024, to respond to the complaint. (Mot., ECF No. 15.) The Court denies the motion for failure to comply with the local rules, *e.g.*, C.D. Cal. Rs. 6-1, 7-3, 7-20, and the Court's rules governing requests for extensions of time, (Initial Standing Order § 4, ECF No. 11).

Plaintiffs fail to establish good cause to extend Defendants' time to respond. Fed. R. Civ. P. 6(b)(1). The motion suggests that an extension would promote efficiency by aligning Defendants' deadlines to respond. (Mot. 1.) But Plaintiffs apparently miscalculate Defendants' deadlines. Plaintiffs filed affidavits of service suggesting Plaintiffs served Defendants under Rule 4(h)(1)(A) or (B) on March 5, 2024, (Affs. of Service, ECF Nos. 12–13), but they also filed a waiver of service executed by Defendants' counsel on March 10, 2024, (Waiver of Service of Summons, ECF No. 14). The record does not clarify whether Plaintiffs stand by the efficacy of the March 5 service. If it was effective, Defendants' deadlines to respond are fast approaching. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). If ineffective, then the deadline for both Defendants to respond is in May, notwithstanding an improper and ineffective agreement memorialized in the waiver form to extend the service

deadline "[i]n view of the fact that Nayax, Ltd. is an international entity." (*See* Waiver of Service of Summons (providing Irvine address for counsel)); *cf.* Fed. Rs. Civ. P. 4(d)(3), 12(a)(1)(A)(ii) (allowing 90 days to respond only where a waiver is "sent to the defendant *outside any judicial district of the United States*" (emphasis added)); *Tire Hanger Corp. v. My Car Guy Concierge Servs.*, No. 5:14-cv-00549-ODW (MANx), 2014 U.S. Dist. LEXIS 77724, at *7–8 (C.D. Cal. June 4, 2014) (concluding 60-day deadline applied where domestic counsel waived service on behalf of Canadian corporation).

The motion is denied.

**IT IS SO ORDERED.**