Mandana Jafarinejad SBN 273904
Law Offices of Mandana Jafarinejad, P.C.
1 Park Plaza
Suite 600
Irvine, CA 92614
Telephone: (949) 833-7125

Attorney for Plaintiffs

**United States District Court**

**Central District of California**

| | |
|---|---|
| KENNY PHAN, an individual; and GEORGE SAMAHA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NAYAX, LTD., an Israeli corporation headquartered in Maryland; NAYAX, LLC, a Maryland limited liability company, and DOE 1 through DOE 10, inclusive,<br><br>Defendants. | Case No. 8:24-cv-00061-MCS-JDE<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Kenny Phan and George Samaha ("Plaintiffs") file this Complaint for Patent Infringement against the Defendants and alleges as follows:

## JURISDICTION

1. This civil action arises out of the United States patent laws codified at 35 United States Code sections 1 et seq., thereby providing this court with subject matter jurisdiction over this action pursuant to 28 United States Code section 1331 and 1338(a), where this is a federal question involving patent infringement. The federal district courts therefore have original jurisdiction.

## PARTIES

2. Plaintiff Kenny Phan is an individual residing in the State of California in this judicial district.

3. Plaintiff George Samaha is an individual residing in Lebanon.

4. Defendant Nayax, Ltd. is an Israeli corporation headquartered in Maryland, and doing business in this judicial district.

5. Defendant Nayax, LLC is a Maryland limited liability company headquartered in Maryland, and doing business in this judicial district.

6. Defendants are subject to the specific jurisdiction of this Court by virtue of its committing acts of patent infringement in this judicial district, which acts form a substantial part of the events giving rise to Plaintiffs' claims.

## VENUE

7. Venue is proper within this district generally pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims Plaintiffs assert occurred within this district. Venue is also proper within this district because Defendants committed acts of infringement within this district.

## THE NATURE OF THE ACTION

8. This is a patent infringement action, based on the patent laws of the United States, codified at 35 United States Code, sections 271, *et seq.*, brought by

Plaintiffs against the Defendants, for its infringement, including willful infringement, of the United States Patent owned by Plaintiffs.

9. Plaintiffs are the owners and inventors of the patent in this suit who have developed devices and techniques for facilitating access to a target device using unique codes that are in proximity to a target device.

10. Defendants, among other associated entities, have copied the computing device and methods disclosed in the patent at issue, which are configured to facilitate remote access from a user's device. Instead of pursuing independent product development, Defendants relied on Plaintiffs' research and development to create a copy of Plaintiffs' invention.

11. Plaintiffs are filing this lawsuit to end Defendants' continued infringement.

**<u>Plaintiffs' Utility Patent</u>**

12. Plaintiffs have obtained U.S. utility patent number 9,911,273 (hereinafter the "'273 patent"), a copy of which is attached as Exhibit "1" and incorporated by reference, to which Plaintiffs own all rights, title, and interest. Plaintiffs' patent discloses technology that can be utilized on an electronic device, such as a mobile device, to facilitate a specific target device. See Fig. 4, of Exhibit "1". For example, if a target device is a banking-type machine (automated teller machine, or ATM), the user device may authenticate itself using Plaintiff's technology. Instead of swiping a plastic card, a user may instead scan a barcode, login and then receive on the user device a set of transaction choices sent by the management server. Such capabilities allow the user device to replace plastic cards, thereby providing substantial user convenience. Plaintiffs' technology may also be used on point-of-sale devices, vending machine, keyless entries, and even at emergency sites where users can scan barcodes that are placed in buildings or other strategic locations to notify authorities or other management services of an emergency.

13. The ’273 Patent claims in claim 1:

A computer-implemented method for facilitating access to a target device, comprising:

presenting from the target device a unique code to a user device that is located in proximity to the target device, wherein the user device presents the unique code to a management server for the target device to gain access to the target device, wherein the management server links the user device and the target device, wherein the user device is associated with a user account on the management server, wherein the target device periodically receives unique codes from the management server, wherein the unique code is presented for only a specified time interval, wherein upon receiving an updated unique code from the management server the target device discards the unique code and instead presents the updated unique code to proximate user devices to ensure that only presently physically proximate user devices can access the target device;

receiving at the target device notification that the user device has been linked to the target device and account information for the user account;

displaying the account information for the user account on a display of the target device;

receiving at the target device notification from the management server that the user device has applied a credit to the target device; and

initiating an operation on the target device that is associated with consuming the credit.

14. The ’273 Patent claims in claim 14:

A computer-implemented method for facilitating access to a target device, comprising:

receiving on a user device a unique code from the target device, wherein the target device is located in proximity to the user device, wherein the target device periodically receives unique codes from the management server, wherein the unique code is presented for only a specified time interval, wherein upon receiving an updated unique code from the management server the target device discards the unique code and instead presents the updated unique code to proximate user devices to ensure that only presently physically proximate user devices can access the target device;

presenting the unique code and authentication information for a user account to a management server for the target device to gain access to the target device, wherein upon authenticating the user account the management server links the target device and the user device, wherein the management server sends user identification and account balance information to the target device and the user device, wherein the target device displays the received user identification and account balance information on a display of the target device;

displaying account balance information for the user account on the display of the user device;

receiving at the user device a request to apply a credit to the target device; and

sending the request to apply the credit to the management server, wherein the management server subtracts the credit from

the user account and notifies the target device of the applied credit, wherein the target device initiates an operation on the target device that is associated with consuming the credit.

15. The ’273 Patent claims in claim 15:

A non-transitory computer-readable storage medium storing instructions that when executed by a computer cause the computer to perform a method for facilitating access to a target device, the method comprising:

presenting from the target device a unique code to a user device that is located in proximity to the target device, wherein the user device presents the unique code to a management server for the target device to gain access to the target device, wherein the management server links the user device and the target device, wherein the user device is associated with a user account on the management server, wherein the target device periodically receives unique codes from the management server, wherein the unique code is presented for only a specified time interval, wherein upon receiving an updated unique code from the management server the target device discards the unique code and instead presents the updated unique code to proximate user devices to ensure that only presently physically proximate user devices can access the target device;

receiving at the target device notification that the user device has been linked to the target device and account information for the user account, wherein the user device is associated with a user account;

displaying the account information for the user account on a

display of the target device;

receiving at the target device notification from the management server that the user device has applied a credit to the target device; and

initiating an operation on the target device that is associated with consuming the credit.

16. The ’273 Patent claims in claim 16:

A computing device that that facilitates remote access from a user device, comprising:

a processing element;

a memory;

a network interface; and

a display;

wherein the processing element and memory are configured to present a unique code to a user device that is located in proximity to the computing device, wherein the user device presents the unique code to a management server for the computing device to gain access to the computing device, wherein the management server links the user device and the computing device, wherein the user device is associated with a user account on the management server, wherein the computing device periodically receives unique codes from the management server, wherein the unique code is presented for only a specified time interval, wherein upon receiving an updated unique code from the management server the computing device discards the unique code and instead presents the updated unique code to proximate user devices to ensure that only presently physically proximate user devices can access the

computing device;

wherein the network interface is configured to receive notification that the user device has been linked to the computing device and account information for the user account;

wherein the display is configured to display the account information for the user account;

wherein the network interface is further configured to receive notification from the management server that the user device has applied a credit to the computing device; and

wherein the processing element is configured to initiate an operation that is associated with consuming the credit.

## DEFENDANTS' INFRINGING ACTIVITIES AND PRODUCTS

17. Defendants make, market, import, use, sell and/or offer for sale several products within the United States, including this district, which infringe the Patent-in-suit.

18. Non-limiting examples of Accused Products sold by Defendants that infringe the Patent-in-suit include:

- Onyx Contactless Card Reader Cashless Payment Device, which Defendants' website describes as "Seamlessly integrated with telemetry, cashless clearance, monitoring, management and BI, the Onyx monitors machines in real-time with updated information on all aspects of your operation including inventory, cash monitoring, alerts, sales reports, and analytics".
- VPOS Touch Credit Card Reader Cash Payment Device, described by the Defendants' website as a product that allows customers to pay for products or services at any unattended machine via credit or debit card, mobile wallet, smart watch, QR code, or prepaid card.

- Nova Market Micro Market Self-checkout Solution, described by Defendant's website as enabling customers, whether they be students, employees, or guests, to receive freebies, meal vouchers, or other benefits with prepaid card management, whether you offer physical cards or payment options via an app.
- EV Meter- Electric Vehicle Charging Stations, which is described by Defendant's website as a product that can accept multiple forms of cashless payments: credit, debit, QR code, or prepaid cards.

19. Defendants' products are incorporated in a computer implemented method for facilitating access to a target device, which involves presenting from a target device a unique code to a user device that is located in proximity to the target device. The following is a photograph of Defendant's product showing a target device presenting a unique code for use by a use device.



20. Defendants' products present their user's devices with unique codes so that the target device may gain access to the user's device. The management server then links the user device and the target device, the user device is associated with a

user account on the management server. The following is a screenshot from Defendants' website showing access to the user device by the target device.




21. Defendants' target device periodically receives unique codes from the management server, wherein the unique code is presented for only a specified time interval. Upon receiving an updated unique code from the management server, the target device discards the unique code and instead presents the updated unique code to proximate user devices to ensure that only presently physically proximate user devices can access the target device. Defendants' product receives at the target device a notification that the user device has been linked to the target device and account information for the user account; displaying the account information for the user account on a display of the target device. Defendants' products also receive at the target device notification from the management server that the user device has applied a credit to the target device; and initiates an operation on the target device that is associated with consuming the credit. The following is a screenshot from Defendants' website showing the operation associated with consuming credit.




22. Defendants' products further present unique code and authentication information for a user account to a management server for the target device to gain access to the target device, wherein upon authenticating the user account the management server links the target device and the user device, wherein the management server sends user identification and account balance information to the target device and the user device, wherein the target device displays the received user identification and account balance information on a display of the target device. Defendants' products display account balance information for the user account on the display of the user device and receives at the user device a request to apply a credit to the target device. Defendants' products send the request to apply the credit to the management server, wherein the management server subtracts the credit from the user account and notifies the target device of the applied credit, wherein the target device initiates an operation on the target device that is associated with consuming the credit. The following is a screenshot from Defendants' website showing credit to be applied to the target device.




23. Defendants' products also receive at the target device notification from the management server that the user device has applied a credit to the target device. The following is a screenshot of Defendants' website showing its Onyx product, which incorporates a target device that receives notification from their management server that a user device has applied a credit to the target device.




The following is another screenshot of Defendants' website showing its product, which incorporates a target device that receives notification from their management server that a user device has applied a credit to the target device.




24. Defendants' products initiate an operation on the target device that is associated with consuming the credit. The computing device facilitates remote access from a user device and comprises:

a processing element;

a memory;

a network interface; and

a display;

wherein the processing element and memory are configured to present a unique code to a user device that is located in proximity to the computing device, wherein the user device presents the unique code to a management server for the computing device to gain access to the computing device, wherein the management server links the user device and the computing device, wherein the user device is associated with a user account on the management server, wherein the computing device periodically receives unique codes from the management server, wherein the unique code is presented for only a specified time interval, wherein upon receiving an updated unique code from the management server the computing device discards the unique code and instead presents the updated unique code to

proximate user devices to ensure that only presently physically proximate user devices can access the computing device;

wherein the network interface is configured to receive notification that the user device has been linked to the computing device and account information for the user account;

wherein the display is configured to display the account information for the user account;

wherein the network interface is further configured to receive notification from the management server that the user device has applied a credit to the computing device; and

wherein the processing element is configured to initiate an operation that is associated with consuming the credit.

The following is a screenshot of Defendant's website for its Nova Market Micro Market Self-checkout Solution product, which contains these limitations.



The following is a screenshot of Defendant's website for its Onyx Contactless Card Reader Cashless Payment product, which contains these limitations.




## DEFENDANTS' WILLFUL INFRINGEMENT

25. On June 7, 2023, Plaintiffs sent Defendant Nayax, Ltd. cease-and-desist correspondence as related to the infringement, but received no response. The products at issue continue to be manufactured, sold and distributed by Defendants.

## FIRST CLAIM FOR RELIEF

## (Infringement of the '273 Patent)

## (Against All Defendants)

26. Plaintiff incorporates and realleges paragraphs 1 through 41, inclusive of this Complaint, as if fully set forth.

27. Defendants have infringed and continues to infringe, directly and indirectly through contributory or induced infringement (or both), one or more claims of the '723 Patent by means of one or more of the following acts with respect to one or more of Products identified in this Complaint: using, selling, and offering to sell in the United States, and importing into the United States. Defendants' infringing activities violate 35 U.S.C. § 271. More particularly, Defendants' manufacture, use, sale, and/or offer for sale in the United States and/or importation into the United States of the Accused Products infringe at least claim 1 of the '273

Patent ("Asserted '273 Patent Claim"). Plaintiffs reserve the right to assert additional claims of the '273 patent after a reasonable opportunity for investigation and discovery.

28. Defendants' infringement of the '273 Patent is based on literal infringement or infringement under the doctrine of equivalents, or both.

29. Defendants' acts of making, using, selling and/or offering for sale or otherwise importing the infringing products has occurred without license, and without the permission, consent, or authorization of Plaintiffs.

30. Defendants' infringement includes, but is not limited to, the manufacture, use, importation, sale, and offering for sale of the Accused products.

31. The Court has not yet construed the meaning of any claims or term in the '273 patent. In providing these detailed allegations, Plaintiffs do not intent to convey or imply any particular claim construction or the precise scope of the claims. Plaintiffs' contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable order.

32. Plaintiffs contend that each element of each Asserted Claim is literally present in the Accused Products. If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Plaintiffs contend that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

33. Plaintiffs are informed and believe, and on that basis alleges, that Defendants gained substantial profits and revenue, and subjected Plaintiffs to lost profits and revenue through loss of sales of its own products by virtue of their infringement of the '273 Patent.

34. Plaintiffs have been harmed and sustained damages as a direct and proximate result of Defendants' infringement of the '273 Patent. Plaintiffs are thus

entitled to monetary compensation for Defendants' infringement in an amount to be determined to compensate Plaintiffs for lost sales and profits and/or the profits and revenue gained by Defendants through its infringement of the '273 Patent, but in no event less than a reasonable royalty.

35. Plaintiffs are informed and believe, and on that basis alleges, that the infringement of the '273 Patent by Defendants is and has been intentional, willful and without regard to Plaintiffs' rights.

36. Defendants are aware of Plaintiffs' innovation and the patent they have obtained. On June 7, 2023, Plaintiffs sent Defendant Nayax, Ltd. cease-and-desist correspondence as related to the infringement, but received no response. The products at issue continue to be manufactured, sold and distributed by Defendants.

37. Despite Defendants' knowledge of the Patent-in-Suit, Defendants sold and continue to sell the '273 infringing products in complete and reckless disregard of Plaintiffs' rights. Defendants' recklessness and continued willful and deliberate acts of infringement of the '273 Patent, justifying an award for increased monetary damages pursuant to 35 United States Code, section 284, as well as attorneys' fees and costs pursuant to 35 United States code, section 285.

38. In addition to their direct infringement, Defendants have indirectly infringed, and will continue to indirectly infringe Plaintiffs' patent by supplying components and otherwise instructing, directing and/or requiring others, as well as other suppliers, resellers, distributors, customers, purchasers, consumers and/or other users to make, use and/or manufacture the infringing products.

39. As a result of Defendant's unlawful activities, Plaintiffs have suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Defendants continued infringement of the '273 Patent causes and will continue to cause harm to Plaintiffs in various ways, including but not limited to, loss of goodwill, damages to reputation, lost business opportunities, lost revenue and

income from the sale of its own products, and increased direct and/or indirect competition.

40. Monetary compensation alone for the damages incurred due to the harm caused by Defendants' infringing activities is, and will continue to be, insufficient to compensate Plaintiffs for these harms. Plaintiffs are therefore entitled to preliminary and/or permanent injunctive relief. Unless enjoined, Defendants will continue their infringing activities and conduct. Thus, injunctive relief is necessary to protect Plaintiffs from ingoing injury and further damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief, as follows:

1. A judgment that Defendants have directly and/or indirectly infringed Plaintiffs' patent.

2. An order and judgment either preliminarily or permanently enjoining Defendants, as well as Defendant's officers, agents, affiliates, employees, and/or any other persons acting of attempting to act in concert or participation with Defendants, from any further acts of infringement of Plaintiffs' patent.

3. A judgment awarding Plaintiffs monetary damages adequate to compensate Plaintiffs for Defendants' infringement of the '273 patent, including any and all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4. A judgement that Defendants have willfully, wantonly, and/or deliberately infringed Plaintiffs' patent.

5. A judgment awarding Plaintiffs increased damages and reasonable attorney's fees pursuant to 35 United States Code section 285 to the extent that the Court finds this case exceptional with respect to Defendants' infringement of Plaintiffs' patent.

6. The Defendants be ordered to pay all of Plaintiffs' costs associated with this action, and

7. Any such further relief that this Court determines is proper and just.

LAW OFFICES OF MANDANA JAFARINEJAD, P.C.

Dated: May 1, 2024

_/s/_*Mandana Jafarinejad*________
MANDANA JAFARINEJAD
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demands trial by jury on all issues raised by the Complaint triable by jury.

LAW OFFICES OF MANDANA JAFARINEJAD, P.C.

Dated: May 1, 2024

_/s/_*Mandana Jafarinejad*_______________
Mandana Jafarinejad
Attorney for Plaintiffs